### WIETZ and others *v.* POTTER and another.

*(Circuit Court, D. South Carolina. November Term, 1887.)*

1. CHATTEL MORTGAGES—VALIDITY—INSOLVENCY.

   A chattel mortgage was made and taken in good faith to secure a debt due to the mortgagee from the mortgagor, but at the date of its execution the mortgagor was hopelessly insolvent, though the fact of insolvency was not known to either of the parties. Gen. St. S. C. § 2015, enacts that preferential assignments of a part of an insolvent's property shall be void if made within 90 days of a general assignment. *Held*, that the mortgage could not be set aside, as no general assignment had been made, and the transaction was in good faith.[1]

2. SAME.

   Knowledge of an agent of the insolvency of his principal will not make a transfer of property void for fraud, if it was made by the principal in good faith, without knowledge of his insolvency.

*E. W. Moise* and *Lord & Hyde*, for complainants.
*Mitchell & Smith* and *Geo. Westmoreland*, for defendants.

SIMONTON, J. This is a bill by creditors of Edwina C. Potter to set aside as fraudulent and void a mortgage executed by her in March, 1886, to her co-defendant, Elisa M. De Choiseul.

---

[1] In the absence of statutory prohibition, a debtor, though known to be in failing circumstances, and contemplating an assignment, may pay or secure one or more of his creditors, though the effect of such action is to render him unable to pay or secure other claims equally meritorious. Gilbert v. McCorkle, (Ind.) 11 N. E. Rep. 296. See Woonsocket Rubber Co. v. Falley, 30 Fed. Rep. 808, and note.

The facts as developed in the testimony of complainants are these: Mrs. Potter, the defendant, was the principal in a business conducted at Greenville by and under the name of I. M. Dickson, agent. Dickson had the entire management, Mrs. Potter taking no active part in it. She, on several occasions between 1880 and 1884, borrowed money from the other defendant, Miss De Choiseul, giving her notes under seal therefor. A friend of the latter advising her to get security for her loans, she asked Mrs. Potter for such security, and obtained the mortgage in question, which covered all the stock of merchandise in the store conducted under the name of I. M. Dickson, agent. The mortgage was executed by Mrs. Potter, and by Dickson, agent, and is in the usual form, securing the notes, which at its date were all past due. At that time Miss De Choiseul had no suspicion that Mrs. Potter was insolvent, nor did Mrs. Potter herself have any doubt whatever as to her own solvency. Besides the property mortgaged she had other property, consisting of a plantation in Beaufort county, and notes and other choses in action of value. In fact, and the fact was known to her agent, Dickson, she was hopelessly insolvent. The plaintiffs, in July, 1886, attempted to get a second mortgage of the stock. Failing in this, they began suit by attachment, and seized the goods.

It is evident from this statement that there was no actual, conscious fraud in this transaction of the mortgage. Is it void under the statute law of South Carolina, or under the statute of Elizabeth? Section 2014, Gen. St. S. C., declares that if a person in insolvent circumstances attempts by any instrument, a deed, mortgage, assignment, or otherwise, to dispose of his property,—clearly his whole property,—so as to give a preference to one or more of his creditors, such an attempt is null and void. *Wilks* v. *Walker*, 22 S. C. 108; *Stewart* v. *Kerrison*, 3 S. C. 266; *Austin* v. *Morris*, 23 S. C. 405. If, however, although he be in insolvent circumstances, he conveys, assigns, incumbers, or makes payment out of a part of his property to any one or more of his creditors, such conveyance, deed, incumbrance, or payment is good, unless the debtor shall execute a general assignment within 90 days from the date of such preference. Gen. St. S. C. § 2015; *Magovern* v. *Richard*, 3 S. E. Rep. 340. In this case the defendant Potter mortgaged or transferred a part of her property to secure a valid debt. She has made no general assignment. There is nothing in this statute law of South Carolina which invalidates the mortgage, nor is it void under the statute of Elizabeth.

Both the mortgagor and the mortgagee, called as witnesses for complainant, testify to the perfect good faith of the transaction. The mortgagee did not know of the existence of other creditors of her mortgagor, and did not doubt her solvency. The mortgagor believed herself to be perfectly solvent. The fact that her agent knew that this was not true, cannot make her a party to the fraud, because it does not appear that he ever communicated it to her. Let an order be entered in accordance with this opinion.

BOND, J., concurred.